## METZGER v. MARKHAM.

CONDEMNATION OF INSANITARY BUILDINGS; INSTRUCTIONS TO JURY OF AWARD; DAMAGES; STATUTE.

1. It is error for the lower court, in an order appointing a board of award to assess damages claimed to be due by a property owner for buildings condemned by the Board for the Condemnation of Insanitary Buildings, to instruct the board to limit the amount of compensation, if any, to be awarded the property owner, to the value of the materials in the buildings condemned. (Construing act of Congress of May 1, 1906, 34 Stat. at L. 157, chap. 2073, providing for the condemnation of insanitary buildings in the District of Columbia.)

2. Where a building has been condemned as insanitary by the Board for the

Condemnation of Insanitary Buildings in the District of Columbia, the owner may apply to the court to have the order of condemnation vacated, or he may apply for the appointment by the court of a board to award damages (following *Metzger* v. *Markham,* 36 App. D. C. 212) ; and if he pursues the latter course, he waives no right to claim full compensation, including damages for loss of rent; and if the board of condemnation has found that the buildings could not be repaired, the property owner is not precluded from claiming that the cost of repair should be considered by the board of award. In assessing damages the board must be governed by the circumstances of each case. (Construing act of Congress of May 1, 1906, 34 Stat. at L. 157, chap. 2073, providing for the condemnation of insanitary buildings in the District of Columbia.)

3. In instructing a board appointed to assess damages to a property owner for the destruction of buildings condemned as insanitary under the act of Congress of May 1, 1906 (34 Stat. at L. 157, chap. 2073), the court should require the board to make a separate finding under each of the three grounds upon which the statute permits damages to be awarded.

4. As the act of Congress of May 1, 1906 (34 Stat. at L. 157, chap. 2073), providing for the condemnation of insanitary buildings in the District of Columbia, contemplates the taking of property for the public good, it should be liberally construed in favor of the owner of the property sought to be condemned.

No. 2355. Submitted February 7, 1912. Decided March 4, 1912.

HEARING on an appeal by the petitioner from a judgment of the Supreme Court of the District of Columbia in a proceeding for the appointment of a board of award to assess damages for buildings condemned as insanitary.       *Reversed.*

The facts are stated in the opinion.

*Mr. Victor H. Wallace* for the appellant.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. Wm. Henry White,* Assistant, for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from a judgment of the supreme court of the District of Columbia in a proceeding for the appointment

of a board of award to assess damages claimed to be due appellant, Percy Metzger, for certain buildings condemned by Edward M. Markham, William C. Woodward, Morris Hacker, the Board of Condemnation of Insanitary Buildings for the District of Columbia.

The proceedings were instituted under the provisions of the act of Congress of May 1, 1906.  The statute provides that the board of award, in fixing damages, shall take into consideration the following elements of damage:

"First.  That the rental of the building was enhanced by reason of the same being used for illegal purposes, or being so overcrowded as to be dangerous or injurious to the health of the inmates; or

"Second.  That the building is in a state of defective sanitation, or is not in reasonably good repair; or

"Third.  That the building is unfit, and not reasonably capable of being made fit for human habitation; and if the committee, or a majority of the members thereof, is satisfied by such evidence that compensation should be awarded, then the compensation.

"(a) Shall, in the first case, so far as it is based on rental, be on the rental of the building (as distinct from the ground rent), which would have been obtainable if the building was occupied for legal purposes, and only by the number of persons whom the building was, under all the circumstances of the case, fitted to accommodate without such overcrowding as is dangerous or injurious to the health of the inmates; and

"(b) Shall, in the second case, be the amount estimated as the value of the building if it had been put into a sanitary or safe condition, or into reasonably good repair, after deducting the estimated expense of putting it into such condition of repair; and

"(c) Shall, in the third case, be the value of the materials of the building."   [34 Stat. at L. 160, chap. 2073, § 14].

This is the second time this case has been before this court. In the former decision, 36 App. D. C. 212, we held that "the procedure prescribed is simple.   When the board of condem-

nation makes an order directing that property be destroyed, it fixes, under the authority expressly granted by the statute, a time within which the owner may bring an action in the supreme court of the District, sitting as a district court, to have the order modified or set aside. Upon the refusal of the court to so modify or set aside the order, the owner may request the court to appoint a committee of award, consisting of three persons, to ascertain the amount of damages to be awarded the owner arising from the destruction of the condemned property. It is mandatory upon the court, when requested, to appoint a committee of award. While it is stated in the statute that 'the court may appoint a committee of award,' we are of the opinion that 'may' should be read 'shall.' It is unnecessary for the owner, in applying to the court for the appointment of a committee of award, to make any specific allegations as to the damages to which he is entitled. The act of Congress fully covers this point. It prescribes in detail the character of damage to which the owner may be entitled, and the manner for its ascertainment. It is therefore the duty of the court, upon the appointment of a committee of award, to follow the statute, and not the pleadings, in instructing the committee as to its duty. The statute is the guide to the court, and the committee should proceed as instructed by the court."

The court, in the order appointing the board of award, instructed them that the amount of compensation, if any, to be awarded appellant, should be limited to the value of the materials in the buildings condemned. Appellant assigns this ruling of the court as error, and contends that, inasmuch as the statute specifically fixes the elements of damage to be considered by the board, the court has no power to limit the action of the board in advance. We are impressed with this contention. Conditions will be different in each case arising under this statute. The necessity for the condemnation of a building depends very largely upon its environment. Circumstances might arise justifying the condemnation of a building in one locality that would not authorize such action were it located elsewhere. It may well be that a building so con-

demned would have a substantial rental value for legitimate purposes; or it might be that such building under ordinary circumstances could be repaired, but not capable of being repaired to meet the special contingency calling for its destruction. The damage arising in such case should therefore be left to the board of award, to be determined according to the conditions attending the case, and the court should not undertake to determine these matters in advance.

Counsel for the District contend that appellant waived the right to claim damage for the loss of rent, by his failure to make application to the court to have the order of condemnation vacated in advance of the appointment of the board of award. We held in the former case that appellant had two courses of procedure open to him in the statute. One was to apply to the court to have the order of condemnation vacated, and the other to apply for the appointment of a board of award. In pursuing the latter course, appellant waived no right to claim full compensation for his buildings under the statute. The course of procedure was his to select, and the District cannot complain of his acceptance of the finding of its board of condemnation. Neither did appellant estop himself to assert any right assured him by the statute in electing to pursue one of the remedies afforded, instead of both.

It is also contended by the District that appellant is not in a position to claim anything under the repair clause of the statute, since the board of condemnation found that the buildings could not be repaired, and since appellant did not elect to repair the buildings, but admitted that they could not be repaired under the building regulations of the District. This contention only emphasizes the reason for the construction we have placed upon the statute, that the board of award, in assessing damages, must be governed by the circumstances of each case. In the complexity of the building regulations, the building might be subject to repair in one locality, and not in another, and the extent of repair required may depend upon the necessity for the destruction of the building.

The objections advanced by the District are all matters that

can be availed of in objections to the findings of the board of award. The court should require the board to make a separate finding under each of the three grounds upon which the statute permits damages to be awarded. The statute is not complex, except as made so by the ingenuity of counsel. It contemplates the taking of property for the public good, and should be liberally construed in favor of the owner.

The judgment is reversed, with costs, and remanded for further proceedings.                                *Reversed.*